We'll hear the next case, Grunstein v. Lamoille Superior Docket. Hello? Yes. May I proceed, Your Honor? You will have two minutes of uninterrupted argument and then Judge Walker will begin the questioning. Thank you, Your Honor. My name is Robert Grunstein. Thanks for your attention to this case. The object of this appeal is simple. I'd like to remand to the District Court for the case to be heard. The District Court had jurisdiction, which is now subject to any exclusions, including res judicata, worker felony, or anything else. I'm not here to argue the merits. That would take place before Judge Crawford in Vermont District Court. In Vermont, violations of due process in order subject to fraud get a new action under state law, Evans v. Cody, 2009-326, Vermont Supreme Court. Secondly, my claim places jurisdiction on the basis of 42 U.S. 1983, federal questions, unconstitutional usages, violations of due process in order without any process at all. I also challenge the constitutionality of state procedural rules in my brief. The title company would be subject to supplemental jurisdiction based on the same transaction and occurrence. All I really have to do is pass the plausibility under Twombly and Iqbal, which I've done. It is in the record that in August of 2007, subject to a partition action, I was given a fee simple defeasible by sale in Eden Hills, Vermont. The state judge lost jurisdiction over the case after that. Vermont only has three forms of real estate interest, fee, life estate, and leasehold. It used to have fee tail, but this was abolished like in most every other jurisdiction. My interest was removed without any process recognized as law years after the court lost jurisdiction. And also the sort of interest, it was not subject to modification like something in domestic relations. With respect to the two other orders pertinent to the 2007 partition judgment, I was never served with a civil rule 60 motion, a civil rule 11 motion, injunction, or anything else recognizable a law. There were never any evidentiary hearings with notice of statutory or rule violations prior to the amount levied against me and the dispossession of my real estate. Opposing counsel would move five years after the 2007 final order after the court lost jurisdiction to have me found liable without wrongdoing. What happened is I was given property subject to defeasibility by sale, but the market turned that the great real estate crash in 2008. I never lost it. The fourth order is from a conversion case, and I alleged it is a forgery. I even went to the local prosecutor, refused to enforce parts of this action, parts of the order. I was able to get a meeting with State Senator Sears concerning the subject matter of the state violations. Subject to the meeting, and within a matter of months, four of the parties were active participants in the violations I alleged disappeared from public life. Your two minutes have expired. We'll begin with the questioning with Judge Walker. Mr. Grimstein, I think our focus is going to be here on Rooker Feldman, and I understand it. Tell me why the requirements of Rooker Feldman aren't met in this case. They're lost in state court. You complain of injuries caused by the state court judgment. You invited the district court to review and reject the state court judgment, and you commenced the district court proceedings after the state judgment was rendered. Why aren't those conditions operative here? That's a good question, Your Honor. Your Honor, for one thing, my constitutional issues were never contemplated and subject to a disposition on the merits of them in state court. That's true. That may be true. But in the D.C. circuit, Feldman itself involved, that issue was raised and found to be not to affect the operation of the doctrine. And the, I mean, rather than coming into federal court to basically attack what went on in state court, there is a procedure. Once you get to the top of the hierarchy of courts in Vermont, you can apply to the Supreme Court for review to have your constitutional issue decided. But Rooker Feldman stands no matter whether it's jurisdiction or whether it's a constitutional question based on the state court judgment. It seems to me, you can explain to me why I'm wrong on this. No, that's a defensible statement, Your Honor. I do not agree on the basis of the Gash versus Village Associates case I cite in my brief, which says that Rooker Feldman does not apply unless and jurisdiction is not removed from the federal court unless the issues are contemplated and articulated in a decision by a reviewing court. And according to Wilson v. Lane, I don't have to exhaust state remedies and state accommodations, for example, an administrative proceeding, which is not, or I don't have to wait to go to the state Supreme Court to go to federal court. I'm allowed to go directly to it. And think about Gash, which is a very nice Gash versus Village Associates. It says, Rooker Feldman, it clarifies the confusion around inextricably intertwined. Inextricably intertwined is not a criteria, it's a conclusion. And things are not inextricably intertwined with the state action until a state court has scrutinized and rendered a judgment on the merits of a constitutional argument. And one of the problems was the partition action, which was closed in 2007, a lot of these unconstitutional arguments and activities done without any process at all, nevermind due process, took place after the court lost jurisdiction. And the Veron Supreme Court said, you know, well, you can't have, you know, your appeal was, you know, you had your appeal with the partition action in 2007. I would say, well, this has nothing to do with the 2007 action. That's over. I'm not appealing the partition decision, which gave me a fee simple determinable by sale. I'm sorry, not determinable, it's feasible by sale. So, Gash Associates said, I don't, you know, and Lane v. Wilson say, in conjunction say, I don't have to exhaust state remedies, I don't have to appeal. Appeal was not really, you know, practicable in the state because, and I was not, you know, asking the court to review the partition action. And the gas. There's no, there's no way that state court judgment could be could could could remain valid. If you were successful in this federal court. It seems to me, I mean, it's predicated on the fact your actions predicated on the fact that the state court got it wrong. Even though no, no, I'm sorry, your honor. Go ahead. No, go ahead. No, I'm not saying the court got the partition action wrong at all. The partition action basically gave me a fee simple determinable not determinable defeasible by sale. Okay. What happened is five years later, after the court lost jurisdiction, and the property couldn't sell, because I did nothing and because of the great real estate crash opposing counsel just say when you would go to court and say let's put Bob in jail. I'm Bob Robert Grunt Mr Grunstein in jail, or going to his own property. And the corporate say yes I see this as a role 60 motion I mean it was outrageous I'm not, but the, we have to make. I'd like to make it clear that I'm not asking the court to review the 2007 partition order, which gave me a fee simple defeasible. It's what took place, five and seven years after the court lost any jurisdiction. Thank you. Okay. This is Judge Katz and I just have one question really following up on Judge Walker line of argument or questioning. Now you, you say that Rooker Feldman does not apply to your constitutional due process claims because they were not litigated below. But we've got the case of whole block versus Albany County Board of Elections 2005 Second Circuit case, which federal court a legal theory not raised in state court cannot insulate a federal plaintiff suit from Rooker Feldman. If the federal suit nonetheless complains of injury from a state court judgment and seeks to have that state court judgment reverse. We have clear case law on that issue. How do you respond. Further respond. Well, I would say that my case, you know, my case and I described several causes of action in the, because there's so many, I referenced four orders that under 1983, I would have original causes of action for improper usages. I also mentioned the inadequacy of Vermont state procedures, like for example, Vermont Civil Rule 8 does not require a party to articulate damages in their complaint with many states, other states do. It's a bad rule which violates due process because it doesn't give you notice of, you know, the risks you're facing. And part of the process of due notice is the right of a party to control his destiny and make informed risk reward analyses. So I, I not only, you know, mentioned, you know, judgments and orders made without jurisdiction which is jurisdiction due process. I also under 1983 mentioned deficient state rules, jurisdictional due process. And I think these things and hanging my head on the gas case which the associate. I would think the I have sufficient authority to remain in the federal court between before good judge Crawford is very good natured I'd really like to litigate before him. Thank you, Your Honor. Thank you, Judge Lohier. I have no questions. Thank you. Thank you. You'll have some time for rebuttal. We'll now hear from your, your adversary. I believe Mr. is Mr. Boyd is going to be arguing first. Yes, Your Honor. That's correct. Good morning. This is David Boyd on behalf of the state. Appellate seeks to do three things he cannot do in this action. He seeks to appeal a series of state court orders. He seeks to extinguish the rights of his non party sibling, and he seeks to relitigate a series of conclusively resolved disputes with his siblings. I think a good example of the way appellant is seeking to appeal state court orders from the argument this morning is his mention, or his suggestion that a sale of the camp. He was disputing with his siblings fell through because the real estate market changed. Actually, the Superior Court found that his continued occupation of the camp caused the buyers to cancel a sale. Appellant is seeking to directly contradict a series of state court orders, and he's seeking their reversal in an appellate context, which he cannot do under Rooker Feldman. Appellant fully litigated his dispute over a Washington trust with his siblings in Washington, and over a camp in Vermont with his siblings in Vermont, and has spent the better part of the last decade seeking to relitigate both of those disputes. Multiple courts have already applied Rooker Feldman and principles of preclusion to dismiss similar claims, and multiple courts have already found similar claims to be frivolous and awarded attorney fees to appellant siblings. Appellant was also disbarred in Washington, in part for pursuing a long history of frivolous litigation, including disputes with his siblings over the trust. Rooker Feldman bars this action because appellant cannot appeal state court orders to a federal district court. Appellant has also failed to name proper parties. He cannot extinguish the rights of his non-party siblings by suing the Attorney General, who was not involved in any of the underlying disputes, and is not a court. The Attorney General of Vermont could not strike docket entries as appellant requests or change court orders. And finally, claim preclusion bars appellant's claims because he has already litigated his claims several times against his siblings. Unless the panel has specific questions about the argument, I would yield the remainder of my time. Judge Walker, any questions? No, I have no further questions. I have no further questions. Judge Loyer? I also have no further questions. Thank you. Thank you. We will now hear from Shannon Bertrand. Thank you, Your Honor. May it please the court, my name is Shannon Bertrand. I represent the appellee, Randall Mulligan, in this case. Mr. Mulligan is a party to this action solely by virtue of being the good faith purchaser of the Lake Eden property that was the subject of the underlying partition dispute. Mr. Mulligan purchased that property from the appellant siblings years after the partition action was over. The siblings are not here. Also, the appellant has stated that he does not contest the partition action. There is no dispute that he did not pay the $25,000 to each of his siblings as required under the original partition order. Therefore, there is no dispute as far as Mr. Mulligan goes. The case should be over there. Also, as Judge Walker points out, the Rooker-Feldman doctrine is in play here. The court below properly dismissed the appellant's collateral attacks on the previous Vermont State Court judgments. He says right in his complaint that he is seeking review of these orders. He has had further multiple bites at the apple, including several appeals to the Vermont Supreme Court, as well as a previous foray in, I believe, 2011 to the Vermont District Court. He has lost these cases and cannot continue to collaterally attack these previous judgments based on some new theories. I will note that the Vermont Supreme Court in 2010 stated that the appellant had raised various constitutional arguments. If you look at page 17 of my brief, the time has come, Your Honors, for this matter to be concluded. We ask that this court affirm the District Court decisions below. And unless the court has any questions for me, I respectfully rely upon our brief as well as the arguments of the Vermont State defendants. Thank you for your time. Any questions from Judge Walker? No further questions on this. Judge Lauier? No, thank you. No questions from me either. Mr. Grunstein, you will have three minutes for rebuttal. Yes. First of all, I'd like to say that for opposing counsel Shannon mentioned cases in 2010 and 2011. These are cases that happened before the orders which I am litigating now. The orders which I'm litigating now happened five and seven years after 2007. So what happened before, you know, in 2011 is irrelevant. Secondly, I was not disbarred in Washington State for being a bad person. As a matter of fact, I recently passed a Washington, D.C. bar, and I passed the Vermont bar, and they said, a character in fitness said there was no reason to doubt Bob's honesty. I'm Bob, sorry, Mr. Grunstein. Honesty, integrity, ethics, and candor. What happened in Washington, and it's prejudicial. It's not part of the file wrap. And I resent the fact that opposing counsel brought it up. But now, you know, it's out. What happened is my father was a professor of policy and law at Case Weston Reserve. I had Cleveland roots. I wrote an editorial about a corrupt judge in Cleveland, Ohio, who was later removed from office. And as part of a vendetta, they sent falsified material to Washington State about a criminal activity which was later resolved in Ohio. So what I did was a particular virtue, and you can read about it in my book, Bad Minds, High Places, the FBI raids on Cleveland, Ohio. And David Boyd, Attorney Boyd, should not be bringing this up because it's not part of the file wrap. It's unduly prejudicial and unfair. So but with respect to Worker-Feldman, for parties who mentioned that 2011 case is irrelevant because the offenses and the orders by which I'm aggrieved were issued in 2013. And they were five and seven years after the 2007 order. That would be 2012 and 2013. In addition, when I tried to go to the court, the Supreme Court, they said we will not argue and we will not hear these arguments. We will not analyze the constitutional arguments. They articulated that, which brings me back to the Gass versus Billings Associates case and the Lane v. Wilson. I don't have to exhaust all state alternatives. And unless a case is examined, litigated, and a court yields an order disposing of the constitutional issues with analysis, Worker-Feldman does not apply. And there is no extricable intertwinement. Thank you. Thank you. Thank you all for your arguments. The court will reserve decision.